UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re: PHILLIP BAZZO

Misc. Case No. 24-50725

Sean F. Cox
Chief Judge

_______________________________/

**OPINION & ORDER DENYING APPLICATION TO MODIFY OR RESCIND ORDER OF DISCIPLINE AND RELATED MOTIONS**

This Miscellaneous Case was opened upon receipt of a "Notice of Disbarment" from the Michigan Attorney Discipline Board, indicating that attorney Phillip G. Bazzo ("Bazzo") was disbarred, effective February 24, 2021. On June 10, 2024, this Court issued a reciprocal order of disbarment. The matter is currently before the Court on Bazzo's Application To Modify Order Of Discipline, filed under Rule 83.22(g)(2), as well as other motions filed by Bazzo. The Court concludes that oral argument will not aide the Court. Local Rule 7.1. Thus, the Court will rule without oral argument. For the reasons set forth below, the Court DENIES Bazzo's Application, along with the motions he filed as ECF Numbers 9, 30, and 32.

## BACKGROUND

### A. Proceedings Before Attorney Discipline Board And State Court

On or about October 18, 2019, Grievance Administrator Michael Goetz ("Goetz") filed a detailed two-count Formal Complaint against attorney Phillip G. Bazzo with the State of Michigan Attorney Discipline Board. (ECF No. 18 at PageID.1596-1606). Count One involved Bazzo's representation of a client named Donna Willacker. Count One alleged that Bazzo was retained to represent Willacker in two separate civil actions. It was alleged that, during the representation, Bazzo began a sexual relationship with Willacker, got her to retroactively approve a loan to him from her portion of settlement proceeds, and engaged in other misconduct. Count Two involved a client named Ralph Sachs, who retained Bazzo to provide legal services with regard to a judgment entered against Sachs in a real estate matter. It was alleged that Bazzo revealed Sachs's confidential and/or secret information to fifteen individuals, without Sachs's authorization.

On June 24, 2020, Tri-County Hearing Panel #16 conducted misconduct proceeding on the two-count formal complaint against Bazzo. (*See* Tri-County Hrg. Panel #16 Report, ECF No. 18 at PageID.2237-2249). The Petitioner and Respondent Bazzo both submitted exhibits prior to the hearing and Bazzo testified at the hearing. On September 3, 2020, the Tri-County Hearing Panel #16 issued a written report, wherein it found that Bazzo engaged in the charged misconduct, as to both Count One and Count Two.

Thereafter, the matter proceeded to the sanction phase of the proceeding. On February 2, 2021, an order was issued disbarring Bazzo from the practice of law in Michigan, effective February 24, 2021.

Bazzo filed a petition for review and a petition for a stay of the discipline imposed. The petition for stay was denied by the Board on February 26, 2021.

After conducting review proceedings, the Board affirmed the hearing panel's order of disbarment on September 28, 2021. (*See* 9/28/21 "Order Affirming Hearing Panel Order Of Disbarment."). That Order noted that Bazzo's "petition for review does not dispute or assert any error regarding the panel's findings as to Count Two of the formal complaint," the count pertaining to Bazzo's representation of Ralph Sachs. (*Id.* at 1 n.1). But Bazzo disputed the finding as to Count One of the formal complaint, asserting there was insufficient evidentiary support. Bazzo also asserted that the hearing panel erred in excluding some of his requested exhibits and asserted that a lesser sanction, such a suspension, should have been imposed. The Board considered all of Bazzo's challenges but ultimately found them to be without merit. In rejecting Bazzo's arguments, the Board explained that:

> The hearing panel's misconduct report contains a very detailed review of the evidence presented and analysis of how they came to the conclusion that the evidence supported the allegations of misconduct set forth in the formal complaint. Our careful review of the record below reaches the same conclusion. Namely, that respondent took advantage of Ms. Willacker, who had romantic inclinations toward him, to keep funds she was entitled to from the O'Donnell settlement and months later presenting her with a "loan agreement" to retroactively approve the "loan" without providing her a reasonable opportunity to seek the advice of independent counsel; that he thereafter received two separate settlement checks on Ms. Willacker's behalf from the EDR and Farmington Hills 2013 litigation, failed to inform her that he received these settlement funds, and instead took the funds as further "loans" and used them for his own use. We therefore affirm the hearing panel's conclusions that respondent engaged in a conflict of interest and misappropriated those settlement funds by using Ms. Willacker's portion, without her knowledge, to pay down the obligation to her.

(*Id*. at 3).

On October 19, 2021, Bazzo filed a motion for reconsideration, which was denied in a

written order issued on January 12, 2022.

Bazzo appealed to the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal on May 31, 2022. *Grievance Administrator v. Bazzo*, 509 Mich. 989 (2022).

Bazzo also filed a separate complaint for superintending control against the Attorney Discipline Board in the Michigan Supreme Court and that court dismissed the complaint. *In re Request for Investigation Pursuant To MCR 9.131(A),* 509 Mich. 991 (May 31, 2022).

**B. Subsequent Civil Lawsuits**

While Bazzo's application for leave to appeal was pending in the Michigan Supreme Court, Bazzo filed a civil lawsuit in state court against the Attorney Grievance Commission, Goetz, and Sarah Lindsey (an attorney with the Commission). Bazzo's four-count complaint asserted claims under 42 U.S.C. § 1983. Bazzo alleged that the defendants made false statements in their pleadings and produced his IOLTA records in an untimely manner, which he claimed violated his constitutional rights and resulted in his disbarment. The trial court granted summary disposition in favor of the defendants in an Opinion and Order issued on September 27, 2022. Bazzo appealed that decision. The Michigan Court of Appeals affirmed in an unpublished opinion issued on April 25, 2024. *Bazzo v. Attorney Grievance Comm'n*, 2024 WL 1826343 (2024).

Bazzo also filed a civil action against the Attorney Grievance Commission, Goetz, and Lindsay in federal court, under 42 U.S.C. § 1983. (*See* Case No. 23-10403). Bazzo sued those parties, alleging their acts and omissions during the disciplinary proceeding led to his disbarment. The Honorable Shalina Kumar dismissed that action in January of 2024. Bazzo did not file an appeal in that case.

**C. This Proceeding**

This Miscellaneous Case was opened upon receipt of a "Notice of Disbarment" from the Michigan Attorney Discipline Board, indicating that Bazzo was disbarred, effective February 24, 2021. (*See* ECF No. 1).

Rule 83.22 of the Local Rules of the United States District Court for the Eastern District of Michigan provides, in pertinent part, that "[o]n receipt of written notice that another jurisdiction imposed discipline against an attorney admitted to practice in this court, the chief judge will enter an order imposing the same discipline, effective as of the date that the discipline was effective in the other jurisdiction." L.R. 83.22(g)(1)(A).

The attorney upon whom such discipline was imposed may apply to the chief judge to modify or vacate the order of reciprocal discipline. *See* L.R. 83.22(g)(2)(A). The modification or vacation of the discipline is allowed only in *very limited circumstances*:

> (B) The court shall modify or vacate the discipline if, on the record supporting the order of discipline in the other jurisdiction, the attorney demonstrates or the court finds that it clearly appears that—
>
> > (I) the procedures in the other jurisdiction constituted a deprivation of due process; or
> >
> > (ii) there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this court could not accept as final the conclusion on that subject; or
> >
> > (iii) imposing the same discipline in this court would result in grave injustice; or
> >
> > (iv) the misconduct warrants substantially different discipline.

L.R. 83.22(g)(2)(B).

Accordingly, on June 10, 2024, this Court issued an "Order Of Disbarment" pertaining to Bazzo stating:

> The Michigan Attorney Discipline Board has entered an order which revoked the license of Phillip G. Bazzo to practice law in the State of Michigan effective February 24, 2021.
>
> Accordingly, Phillip G. Bazzo is (1) permanently removed from the roster of attorneys who have been admitted to practice before the United States District Court and the United States Bankruptcy Court for the Eastern District of Michigan, and (2) precluded from engaging in the practice of law, directly or indirectly, before the United States District Court and the United States Bankruptcy Court for the Eastern District of Michigan pursuant to the Local Rules of this Court.
>
> Reinstatement by the United States District court is not reciprocal to any reinstatement issued by an Attorney Discipline Board. Local Rule 83.22 governs reinstatement in the United States District Court (Attachment A).
>
> A copy of this Order will be served upon Phillip G. Bazzo by certified mail, return receipt requested.

(ECF No. 4).

Although Bazzo filed an initial Application To Modify Order Of Discipline on July 8, 2024, he later requested that he be permitted to file an amended application and this Court granted that motion to the extent that it ordered that "**no later than September 30, 2024, Bazzo shall file his final application to modify order of discipline (and any supporting materials).**" (ECF No. 25) (emphasis in original).

By September 30, Bazzo filed his final Application To Modify Order Of Discipline and supporting materials. (ECF Nos. 26-29). Thus, the matter is ripe for a decision by this Court.

**ANALYSIS**

As a threshold matter, the Court notes that Bazzo appears to believe that he is entitled to something akin to a de novo disbarment proceeding in this Court. Bazzo filed motions "Per FRCP 16(b)" seeking the issuance of a scheduling order, the opportunity to file various pre-trial motions, including a "dismissal motion based upon the [Greivance Administrator's] failure to disclose" records. (ECF No. 30 & 32).

Contrary to Bazzo's beliefs, he is not entitled to any kind of de novo disbarment proceeding in this Court. *See, e.g., Matter of Calvo*, 88 F.3d 962, 967 (11th Cir. 1996) (A district court is not required to conduct a de novo trial when a disbarred attorney challenges a reciprocal order of discipline.); *In re Surrick*, 338 F.3d 224, 232 (3d Cir. 2003) (Explaining "there is no entitlement to a de novo trial before" the federal district court. "Rather, the District Court need only 'determine whether the record underlying the predicate state disbarment reveals the kind of infirmities identified in *Selling*.'"). Accordingly, the Court denies Bazzo's motions filed as ECF Numbers 30 and 32.

In addition, like the situation presented in *In re Cook*, the bulk of Bazzo's application challenges the sufficiency of the due process protections he was afforded in his state disbarment proceedings, seemingly challenging the state court's disbarment order and state-court records. *In re Cook*, 551 F.3d 542, 547-548 (6th Cir. 2009). As explained in that case, this Court is not empowered to directly review challenges to state disciplinary proceedings based upon the *Rooker-Feldman* doctrine.[1] *Id.* "The proper forum in which to raise such claims was on direct appeal to the Supreme Court of the United States. *See* 28 U.S.C. § 1257." *Id*. Bazzo "cannot seek collateral review of his state disbarment proceedings in federal court." *Id.*

Although "this Court is not empowered to directly review challenges to state disciplinary proceedings (even if constitutional infirmities are alleged), the Court must examine alleged defects in the state proceedings when deciding whether it will impose reciprocal discipline" for Bazzo under this Court's local rules. *In re Squire*, 2012 WL 995300 at *4 (S.D. Ohio 2012).

That said, the Sixth Circuit has instructed that "a disbarment order handed down by a

[1]Thus, this Court denies Bazzo's "Motion To Correct The ADB Record." (ECF No. 9).

state court is entitled to due respect." *In Re Cook*, 551 F.3d at 549. "In view of the respect and practical deference afforded to state court judgments, federal courts may initiate a disciplinary inquiry and even disbarments proceedings based solely on an attorney's disbarment by a state court." *Id.* The "Supreme Court held in *Selling* that, federal courts should proceed on the presumption that federal courts 'should recognize the condition created by the judgment of the state court' unless certain factors are present, including:

> 1. That the state procedure from want of notice or opportunity to be heard was wanting in due process; 2, that there was such an infirmity of proof as to facts found to have established the want of fair private and professional character as to give rise to a clear conviction on our part that we could not consistently with our duty accept as final the conclusion on that subject; or 3, that some other grave reason existed which should convince us that to allow the natural consequences of the judgment to have their effect would conflict with the duty which rests upon us not to disbar except upon the conviction that, under the principles of right and justice, we were constrained so to do.

*Id.* Those *Selling* factors align with the limited circumstances for modification or vacation of a discipline order under this district's Local Rule 83.22(g)(2)(B).

As the party asking this Court to modify its order of discipline, Bazzo bears the burden of establishing that he is entitled to relief. *See, e.g. Matter of Calvo*, 88 F.3d 962, 967 (11th Cir. 1996) ("The burden is on the disbarred attorney to show good cause why he should not be disbarred.").

Bazzo has failed to meet that burden. Bazzo's application is disorganized and difficult to follow. As best as this Court can decipher, Bazzo contends that the following circumstances warrant relief.

First, throughout his Application To Modify Order Of Discipline, Bazzo asserts that he was deprived of due process. Like his appeal in the disciplinary proceedings, all of Bazzo's

arguments appear to focused on Count One of the formal complaint (ie., those involving his client Donna Willacker).

In reciprocal discipline cases alleging due process violations, the Sixth Circuit has found that due process requirements are met when the attorney at issue attended, participated actively in the hearings, and was afforded an opportunity to present evidence, testify, cross-examine witnesses, and present arguments in opposition to the complaint. *In re Squire*, 617 F.3d 461, 467 (6th Cir. 2010); *see also In re Cook*, 551 F.3d at 550 (Finding that due process requirements were satisfied where the complaint against the respondent attorney fully set forth the charges, and the attorney was allowed to testify in his own defense, present evidence, and makes objections to hearing panel's findings and recommendations.); *In re Wiest,* 719 F. App'x 485,490 (6th Cir. 2017).

This Court has carefully reviewed the extensive record of the disciplinary proceedings that occurred in state court.  Again, the record reflects that Bazzo was given full notice of the charges against him, as the Grievance Administrator filed a detailed "Formal Complaint" that set forth the charges against him, as well as the alleged factual allegations pertaining to each of the two counts.  Bazzo was given the opportunity to respond to those charges, and was given a hearing, during which he presented evidence and testified in his own defense.  Bazzo was also permitted to make objections to the Hearing Panel's findings and purse an appeal of the disbarment decision.

Second, throughout his Application, Bazzo asserts that there was an infirmity of proofs, apparently referencing the second *Selling* factor.

This second *Selling* factor requires the attorney to show "such an infirmity of proof

establishing the misconduct as to give rise to the clear conviction that this Court could not consistently with its duty, accept the final conclusion" on the disbarment decision. *Chaganti v. Matal*, 695 F. App'x 545, 549 (Fed. Cir. 2017). "Little need be said on this point," as, having considered the record, this Court concludes that there was sufficient evidence demonstrating that Bazzo engaged in the alleged misconduct at issue.

The third *Selling* factor inquires whether the imposition of the same sanction would result in "grave injustice." In his Application, Bazzo asserts that he should have received discipline short of disbarment, such as a reprimand or suspension.

"Relevant to this factor, as long as the discipline that the practitioner received 'was within the appropriate range of sanctions' for the conduct in question, there is no grave injustice in imposing reciprocal discipline." *Chagnati v. Matal,* 695 F. App'x 545, 549 (Fed. Cir. 2017) (quoting *In re Attorney Discipline Matter*, 98 F.3d 1082, 1088 (8th Cir. 1996)).

The Court concludes there was no grave injustice here, as disbarment was within the appropriate range of sanctions for Bazzo's conduct.

**CONCLUSION & ORDER**

For the reasons above, the Court ORDERS that Bazzo's motions filed as ECF Numbers 9, 30, and 32 are DENIED.

IT IS FURTHER ORDERED that Bazzo's Application To Modify Order of Discipline is DENIED.

IT IS SO ORDERED.

Dated: December 3, 2024

s/Sean F. Cox
Sean F. Cox
Chief Judge
U.S. District Court for the Eastern District of Michigan

I hereby certify that on December 3, 2024, the document above was served on counsel and/or the

parties of record via electronic means and/or First Class Mail.

                                        s/Jennifer McCoy
                                        Case Manager